IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CLYDE BENNETT, JR. and § <br> WILBURN CHARLES BENNETT § <br> **Plaintiffs** § <br> § <br> vs. § <br> § <br> T-N-T TRUCKING OF PIONEER § <br> LOUISIANA, LLC, RONALD DYES, § <br> II, STEVEN G. MCCARTER and § <br> WALTER E. PEARCE § <br>     **Defendants.** | CIVIL ACTION NO. 2:18-CV-0048 <br> JURY |

## PLAINTIFFS' ORIGINAL COMPLAINT

NOW COME, Clyde Bennett, Jr. and Wilburn Charles Bennett, Plaintiffs, and files this their Original Complaint against T-N-T Trucking of Pioneer Louisiana, LLC, Ronald Dyes, II, Steven G. McCarter and Walter E. Pearce, Defendants, and for just cause would respectfully show the Court the following:

### NATURE OF THE CASE

1. This action arises as a result of an automobile accident which injured Clyde Bennett, Jr. and Wilburn Charles Bennett on or about December 20, 2017.

### PARTIES

2. Clyde Bennett, Jr. is an individual who resides in the State of Texas.

3. Wilburn Charles Bennett is an individual who resides in the State of Texas

4. T-N-T Trucking of Pioneer Louisiana, LLC is a limited liability company organized in the State of Louisiana and may be served by sending a copy of the summons and complaint by certified mail, return receipt requested to its registered agent, Nelda Thompson, 849 Peavine Road, Pioneer, Louisiana 71266.

5. Ronald Dyes, II is an individual who resides at 102 Tulip Street, Rayville, Louisiana 71269 and may be served with the summons and complaint at this address.

6. Steven G. McCarter is an individual who resides at 2966 Highway 821, Ruston, Louisiana 71270 and may be served with the summons and complaint at this address.

7. Walter E. Pearce is an individual who resides at 820 Merrifield Road, Whitingham, Vermont 05361 and may be served with the summons and complaint at this address.

## JURISDICTION AND VENUE

8. Jurisdiction in this case is proper in this Court pursuant to 28 U.S.C. § 1332(a) as this case is between citizens of different states and the amount in controversy exceeds $75,000.00.

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a), because the wrongful act or omission of the Defendants occurred within this Judicial District.

## FACTUAL BACKGROUND

10. On or about December 20, 2017, Clyde Bennett, Jr. was operating a 2013 Cadillac STS in a careful and prudent manner, traveling westbound on Interstate 20 in Gregg County, Texas. Defendant Ronald Dyes, II was driving a 2002 Freightliner truck and towing a trailer owned by T-N-T Trucking of Pioneer Louisiana, LLC in the course and scope of his employment with Defendant T-N-T Trucking of Pioneer Louisiana, LLC. Defendant Ronald Dyes, II was traveling westbound on Interstate 20, and following behind Plaintiffs, Defendant Steven G. McCarter and Defendant Walter E. Pearce. Suddenly and without warning, Defendant Ronald Dyes, II failed to control the speed of the 2002 Freightliner and struck the rear of Defendant Steven G. McCarter's vehicle. Defendant Ronald Dyes, II then moved into the left lane and struck the rear of Defendant Walter E.

Pearce, causing that vehicle to strike the rear of Plaintiffs' vehicle, subjecting the Plaintiffs to tremendous force.

11. At the time of the occurrence, Defendant Ronald Dyes, II was in the course and scope of his employment with Defendant T-N-T Trucking of Pioneer Louisiana, LLC.

<u>NEGLIGENCE AND NEGLIGENCE PER SE</u>

12. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate same where relevant.

13. Defendant Ronald Dyes, II was negligent in various acts and omissions, which negligence was the proximate cause of the accident described herein which includes, but is not limited to, the following:

    A. Violating Section 545.062 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads, in pertinent part, as follows:

> (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

    B. Failing to keep a proper lookout.
    C. Failing to timely apply his brakes.
    D. Failing to control the vehicle.
    E. Failing to act and/or respond in a reasonable manner.
    F. Failing to control the speed of the vehicle.

14. The foregoing acts of negligence and negligence per se by Ronald Dyes, II, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to the Plaintiffs.

15. At the time and on the occasion in question, and immediately prior thereto, Defendant T-N-T Trucking of Pioneer Louisiana, LLC committed acts of omission and commission, which collectively and severally constituted negligence and which were a proximate cause of the injuries to and the damages of Plaintiffs.

16. The independent acts of negligence of Defendant T-N-T Trucking of Pioneer Louisiana, LLC, include but are not limited to, the following:

    A. Entrusting the subject truck to an unlicensed, incompetent and/or reckless driver when it knew and/or should have known the driver of the subject truck was unlicensed, incompetent, and/or reckless;

    B. Hiring and retaining an unlicensed, incompetent and/or reckless driver when it knew and/or should have known that the subject driver was unlicensed, incompetent and/or reckless; and

    C. Failing to properly train its driver.

17. Defendant Steven G. McCarter was negligent in various acts and omissions, which negligence was the proximate cause of the accident described herein which includes, but is not limited to, the following:

    A. Violating Section 545.062 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads, in pertinent part, as follows:

    > (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

    B. Failing to keep a proper lookout.
    C. Failing to timely apply his brakes.
    D. Failing to control the vehicle.
    E. Failing to act and/or respond in a reasonable manner.
    F. Failing to control the speed of the vehicle.

18. The foregoing acts of negligence and negligence per se by Steven G. McCarter, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to the Plaintiffs.

19. Defendant Walter E. Pearce was negligent in various acts and omissions, which negligence was the proximate cause of the accident described herein which includes, but is not limited to, the following:

    A. Violating Section 545.062 of Vernon's Texas Statutes and Codes Annotated, Transportation Code, which reads, in pertinent part, as follows:

> (a) An operator shall, if following another vehicle, maintain an assured clear distance between the two vehicles so that, considering the speed of the vehicles, traffic, and the conditions of the highway, the operator can safely stop without colliding with the preceding vehicle or veering into another vehicle, object, or person on or near the highway.

    B. Failing to keep a proper lookout.
    C. Failing to timely apply his brakes.
    D. Failing to control the vehicle.
    E. Failing to act and/or respond in a reasonable manner.
    F. Failing to control the speed of the vehicle.

20. The foregoing acts of negligence and negligence per se by Walter E. Pearce, acting singularly or in combination, were a proximate cause of the incident and the resulting damages to the Plaintiffs.

21. Each of the foregoing acts of negligence was a proximate cause of the collision in question and the injuries and damages of Plaintiffs.

## RESPONDEAT SUPERIOR

22. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate same where relevant.

23. Defendant T-N-T Trucking of Pioneer Louisiana, LLC is liable for the damages proximately caused to Plaintiffs by the conduct of Defendant Ronald Dyes, II in that Defendant T-N-T Trucking of Pioneer Louisiana, LLC was the employer of Defendant Ronald Dyes, II on the date that Defendant Ronald Dyes, II negligently injured Plaintiffs, as alleged above, and Defendant Ronald Dyes, II was acting within the course and scope of that employment when that injury occurred or Defendant T-N-T Trucking of Pioneer Louisiana, LLC had the right to control the activities of Ronald Dyes, II.

### NEGLIGENT ENTRUSTMENT

24. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate same where relevant.

25. At the time and on the occasion in question, and immediately prior thereto, Defendant T-N-T Trucking of Pioneer Louisiana, LLC was guilty of negligent entrustment and knew or should have known that Defendant Ronald Dyes, II was a negligent and reckless driver.

### NEGLIGENT UNDERTAKING

26. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate same where relevant.

27. Defendant T-N-T Trucking of Pioneer Louisiana, LLC or their agents undertook, either gratuitously or for its own benefit, obligations to train, supervise, direct, instruct, and/or control the performance of workers and/or the operation of equipment or vehicles. T-N-T Trucking of Pioneer Louisiana, LLC knew or should have known that such training, supervision, direction, instruction, control, and/or operation was necessary for Plaintiffs' protection. T-N-T Trucking of Pioneer Louisiana, LLC failed to exercise reasonable care

in performing those obligations. Plaintiffs relied on T-N-T Trucking of Pioneer Louisiana, LLC's performance, and T-N-T Trucking of Pioneer Louisiana, LLC's performance increased Plaintiffs' risk of harm.

### DAMAGES TO CLYDE BENNETT, JR.

28. Plaintiffs adopts the allegations of the above-numbered paragraphs and incorporate same where relevant.

29. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Clyde Bennett, Jr. was caused to suffer and to endure anxiety, pain, and illness. Consequently, Clyde Bennett, Jr. is entitled to the following items of damages:

   A. Reasonable and necessary medical care and expenses in the past;

   B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

   C. Physical pain and suffering in the past;

   D. Physical pain and suffering which, in reasonable probability, will be incurred in the future;

   E. Mental anguish in the past;

   F. Mental anguish which, in reasonable probability, will be incurred in the future;

   G. Physical impairment in the past;

   H. Physical impairment which, in reasonable probability, will be suffered in the future;

   I. Physical disfigurement in the past;

   J. Physical disfigurement which, in reasonable probability, will be suffered in the future;

   K. Loss of earning capacity in the past; and

  L. Loss of earning capacity which, in reasonable probability, will be incurred in the future.

### DAMAGES TO WILBUR CHARLES BENNETT

30. Plaintiffs adopts the allegations of the above-numbered paragraphs and incorporate same where relevant.

31. As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendants' acts as described herein, Wilbur Charles Bennett was caused to suffer and to endure anxiety, pain, and illness.  Consequently, Wilbur Charles Bennett is entitled to the following items of damages:

  A. Reasonable and necessary medical care and expenses in the past;

  B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

  C. Physical pain and suffering in the past;

  D. Physical pain and suffering which, in reasonable probability, will be incurred in the future;

  E. Mental anguish in the past;

  F. Mental anguish which, in reasonable probability, will be incurred in the future;

  G. Physical impairment in the past;

  H. Physical impairment which, in reasonable probability, will be suffered in the future;

  I. Physical disfigurement in the past;

  J. Physical disfigurement which, in reasonable probability, will be suffered in the future;

  K. Loss of earning capacity in the past; and

  L. Loss of earning capacity which, in reasonable probability, will be incurred in the future.

## GROSS NEGLIGENCE

32. Plaintiffs adopt the allegations of the above-numbered paragraphs and incorporate same where relevant.

33. Defendants committed willful acts or omissions of gross negligence that were a proximate cause of the injuries to Plaintiffs and the damages of Plaintiffs, and for which Plaintiffs are entitled to recover punitive damages.

## JURY DEMAND

34. Plaintiffs request a trial by jury.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs request that Defendants be cited to appear and answer herein and that, upon final trial, Plaintiffs recover the following:

A. Reasonable and necessary medical care and expenses in the past;

B. Reasonable and necessary medical care and expenses which, in reasonable probability, will be incurred in the future;

C. Physical pain and suffering in the past;

D. Physical pain and suffering which, in reasonable probability, will be incurred in the future;

E. Mental anguish in the past;

F. Mental anguish which, in reasonable probability, will be incurred in the future;

G. Physical impairment in the past;

H. Physical impairment which, in reasonable probability, will be suffered in the future;

I. Physical disfigurement in the past;

J. Physical disfigurement which, in reasonable probability, will be suffered in the future;

K.   Loss of earning capacity in the past;

L.   Post-judgment interest as allowed by federal law;

M.   Court costs, fees and other expenses; and

N.   Other and further relief to which Plaintiffs may be entitled.

Respectfully submitted,

**GOUDARZI & YOUNG, L.L.P.**
P.O. Drawer 910
Gilmer, Texas 75644
Telephone: (903) 843-2544
Facsimile:  (903) 843-2026
goudarziyoung@goudarzi-young.com


By: /s/ Brent Goudarzi
     Brent Goudarzi
     Texas Bar No. 00798218
     Marty Young
     Texas Bar No. 24010502

ATTORNEYS FOR PLAINTIFFS